IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

MELLENAY DARBY,

    Plaintiff,

CASE NO.:

v.

TEKSYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MELLENAY DARBY, by and through undersigned counsel, brings this action against Defendant, TEKSYSTEMS, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Venue is proper in Duval County, because all of the events giving rise to these claims occurred in this County.

## PARTIES

3. Plaintiff is a resident of Richland County, South Carolina, and she worked in Duval County, Florida during the period at issue in this case.

4. Defendant operates an employment agency in Duval County.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and she worked at least 1,250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around October 26, 2020.

13. On or around September 29, 2021, Plaintiff inquired about applying for FMLA leave to care for her mother.

14. Plaintiff's mother suffered a serious health condition within the meaning of the FMLA.

15. Specifically, Plaintiff's mother suffers from cancer, hypertension, diabetes, and is considered legally blind.

16. On or about October 2021, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for her mother.

17. This documentation was submitted in advance of a surgery that was scheduled for October 26, 2021.

18. Plaintiff's FMLA leave request was granted on November 1, 2021.

19. After Plaintiff began utilizing FMLA leave, Defendant nitpicked Plaintiff's work in ways her coworkers were not.

20. Further, Plaintiff's supervisor Anthony (l/n/u) requested that she provided advanced notice and a doctor's note each time Plaintiff needed to miss work for FMLA-related reasons. This is not only unreasonable but at times was impossible given the nature of Plaintiff's mother's health conditions.

21. On or about December 3, 2021, Plaintiff's employment was terminated for a pretextual reason.

22. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

23. Defendant retaliated against Plaintiff for exercising her rights under the FMLA by terminating her employment.

24. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. Plaintiff required time off from work to care for her mother, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. By interfering with Plaintiff's ability to take FMLA leave and requiring unreasonable notice before exercising her FMLA rights, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of

        Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

    (e)    Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

31. Plaintiff required time off from work to care for her mother, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of November 2023.

                         Respectfully submitted,

                         *s/ Steven G. Wenzel*
                         **STEVEN G. WENZEL**
                         Florida Bar No.: 159055
                         Wenzel Fenton Cabassa P.A.
                         1110 N. Florida Avenue, Suite 300
                         Tampa, Florida 33602
                         Main No.: 813-224-0431
                         Direct No.: 813-223-6545
                         Facsimile No.: 813-229-8712
                         Email: swenzel@wfclaw.com
                         Email: rcooke@wfclaw.com
                         *Attorneys for Plaintiff*